## AFFIDAVIT IN SUPPORT OF
## APPLICATION FOR SEIZURE WARRANT

I, Scott Kaul, a Special Agent with the Federal Bureau of Investigation, being duly sworn, depose and say:

### PURPOSE OF THE AFFIDAVIT

I am the case agent involved in an ongoing criminal investigation of a Business Email Compromise (BEC) scheme by unknown perpetrators against Patrik Runald, a U.S. Citizen living in Draper, Utah. As a result of the BEC scheme, Runald was defrauded of $391,538.87. This affidavit is made in support of an application for a seizure warrant to seize Target Assets as described below. The United States asserts that the BEC scheme was in violation of 18 U.S.C. §1343 (Wire Fraud) and 18 U.S.C. §§ 1956 and/or 1957 (Money Laundering). The United States seeks seizure of the following assets ("Target Assets"):

- $354,548.87 formerly held in JP Morgan Chase Bank ("JPMC") account ending in 8602.
- $35,000.12 formerly held in JP Morgan Chase Bank ("JPMC) account ending in 7883

For the reasons specified below, there is probable cause to believe that the Target Assets are subject to seizure under the following authorities:

Criminal Seizure and Forfeiture:

a. Pursuant to 18 U.S.C. § 981(a)(1)(c); 982(a)(2) and 28 U.S.C. § 2461(c) because the Target Asset was derived from proceeds traceable to a violation of 18 U.S.C. §1343 (Wire Fraud).

b. Pursuant to 18 U.S.C. § 982(a)(1) because the assets were involved in a violation of 18 U.S.C. §§ 1956 and/or 1957 or are traceable to such property.

1

    c. Consequently, seizure of the assets for criminal forfeiture is authorized by 18 U.S.C. § 982(b) and 21 U.S.C. § 853(e) & (f).

Civil Seizure and Forfeiture:

    a. Pursuant to 18 U.S.C. § 981(b) because the assets were derived from proceeds traceable to a violation of 18 U.S.C. § 1343 (Wire fraud).

    b. Pursuant to 18 U.S.C. § 981(a)(1)(C) & (D) because the assets were involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and/or 1957 or are traceable to such property.

    c. Consequently, seizure of the assets for civil forfeiture is authorized by 18 U.S.C. § 981(b).

In tracing funds for civil forfeiture, the United States has relied on 18 U.S.C. § 984, which provides that it is not necessary for the Government to trace fungible property, like funds in a bank account, in connection with forfeiture proceedings commenced within one year of the date of the offense. Section 984 allows the Government to seize the full amount of fraud proceeds originally deposited into an account regardless of whether the government can establish, such as through tracing, that the fraud proceeds remain in the account on the seizure date. As a result, the Government can seize more than just the directly traceable proceeds that remain in the account.

The banks identified herein have informed me they will not release Runald's money without the commencement of some kind of legal action.

**FACTS SUPPORTING PROBABLE CAUSE**

This investigation of this matter is predicated upon a telephonic complaint on August 5, 2022, by Patrik Runald, a resident of Draper, Utah. Runald spoke telephonically to Special

Agents assigned to the Salt Lake City FBI's cyber-crimes squad. In his telephonic complaint, Runald informed the FBI that he was the victim of a Business Email Compromise scheme. Runald explained that he was defrauded in a real estate transaction by an unknown entity because the email domain name of the real estate escrow company he had been working with had been "typo-squatted" and this resulted in his wiring closing funds to an entity other than the intended escrow company. Typo-squatting involves the slight modification of an entity's domain name by a bad actor with the intent to deceive the sender or receiver that he is engaging with the true and legitimate owner of the domain name. Subsequent to his initial telephone interaction, Runald also filed a complaint with the FBI's Internet Crime Complaint Center. I have reviewed the content of these separate complaints.

On December 6, 2022, I also interviewed Runald at his residence and he told me that he and his wife had planned to purchase a new house in California. They had found a home and were working with an escrow company, New Venture Escrow, to finalize the deal. New Venture Escrow is located in San Diego, California. The legitimate email domain name for New Venture Escrow is NewVentureEscrow.com.

Runald reported that on August 3, 2022, he received an email purporting to be from Nellie Kisami, a representative of New Venture Escrow, using the email address, nellie@NewVenturEscrow.com. The body of the email referenced the true closing date of the real estate transaction (August 8, 2022) and contained an attached PDF showing the financial breakdown of the purchase. Runald reviewed the PDF and concluded that the information contained in it was accurate.

Runald then requested wire instructions from the entity he believed was New Venture Escrow. On August 3, 2022, Runald received wire instructions in a separate email from

nellie@NewVenturEscrow with a PDF, titled "WireTransferInstructions2021". Based on these instructions, Runald went to his local Chase Bank in Draper, Utah and transferred by wire $391,538.87 from his personal account at JPMC (ending in 0700) to the purported bank account of New Ventures Escrow, JPMC account (ending in 8602). On August 4, 2022, Runald received an email from nellie@NewVenturEscrow indicating that the wire had been received.

Runald reported that on August 5, 2022, he received an e-mail from Kisami at New Venture Escrow inquiring as to when he intended to wire the closing funds and stating, "The notary should have left you wiring and the amount". Approximately thirteen minutes later, Runald received an email from the typo-squatted domain posing as New Ventures Escrow, with the following text inserted at the top of the thread (but including the email from the correct domain), "Please disregard my last message below. It was sent in error as our payment processing department already confirmed receipt of your wire."

A few minutes later, Runald received a call from the actual escrow company following up on their email about when Runald intended to wire funds. Runald reported that at this moment, he and New Venture Escrow realized he had been the victim of a BEC wire fraud scam. Upon inspecting the emails from the fake company, Runald noticed that the sender domain was "typo-squatted". The email domain name for the legitimate escrow account is "NewVentureEscrow.com". The fake domain name to which he wired his funds was "NewVenturEscrow.com".

Runald told me that he and his wife immediately went to the local Chase branch to stop and recall the transfer. A JPMC represented told Runald the perpetrator's account was in Georgia and was opened about 30 days prior to him sending his wire transfer.

4

Runald told me that for approximately one week after the wire transfer, New Venture Escrow began to call him almost daily to see whether he was able to recall the wire transfer. Runald was unable to recall the transfer and the sellers eventually refunded Runald's deposit and cancelled the sale. Despite Runald's attempts, he received very little information from Chase. He eventually filed a complaint with the Consumer Financial Protection Bureau.

Runald told me that on September 23, 2022, someone from Chase's executive office, called him and requested documentation from New Venture Escrow confirming they were hacked in order to proceed with the recall of the funds. Runald contacted Matt Mulalley at New Venture Escrow who indicated he would look into it.

Runald said that on October 10, 2022, the Executive Office at Chase sent a letter notifying him that they were sympathetic to the fact that Runald was a victim of a scam, but that there was no bank error on their part. Chase stated they attempted to recall the wire, but they had not yet received a statement from the escrow company from Runald. The letter also encouraged Runald to work with local law enforcement to recover the funds.

On October 11, 2022, Runald re-contacted Mullaley at New Venture Escrow and requested a statement from them, confirming they were hacked. On November 15, 2022, Runald received an email from New Venture Escrow's Chief Executive Officer, indicating they were unable to provide the letter Chase requested. Runald believed that New Venture Escrow did not want to admit fault to avoid civil liability.

Runald provided me with email communications with New Venture Escrow and Chase Bank. I have reviewed the emails and they support Runald's statements.

On November 18, 2022, I made several telephone calls to inform Chase that law enforcement was attempting to assist Runald and to determine the steps necessary to have his

5

funds returned. I spoke with representatives of Chase's Global Security Department, Court Order and Levy Department, Fraudulent Activity hotline and ultimately, their Executive Office. In these efforts to receive assistance, I found the Chase representatives I contacted non-responsive.

On November 18, 2022, I also sent an email to Chase's Executive Management email address for the purpose of advising them of the Salt Lake City FBI's involvement in the BEC investigation and informing them of my intention to assist Runald recover funds currently in the possession of Chase. To date, I have not received a response.

**Illegal Transfer of Funds to Chase account (ending in 8602)**

As part of the investigation, I have obtained the account signature cards and statements of Chase account (ending in 8602), the account into which Runald's funds were transferred. The signature card identifies the account name as "M&M TITLE LLC" with a business address in Atlanta, Georgia. The signer on the account is "Robert White" and the account was opened on July 29, 2022.

As part of the investigation, I reviewed the bank statement for Chase account (ending in 8602) for the month of August 2022. The balance in the account was $0.00 until August 4, 2022, when the account received a transfer of funds from Runald in the amount of $391,538.87. The transaction is summarized as follows:

| Date | Wire Amount | Beneficiary Account | Financial Institution | Beneficiary |
|---|---|---|---|---|
| 8/4/2022 | $391,568.87 | Account ending in 8602 | JPMC | Roger White, dba M&M Title, LLC |

I also reviewed the bank statement for the Chase account (ending in 7883) for the month of August 2022. The balance in the account was $0.00 until August 4, 2022, when the account

6

received a transfer of funds from the Chase account (ending in 8602) in the amount of $35,000.00. The transaction is summarized as follows:

| Date | Transfer Amount | Beneficiary Account | Financial Institution | Beneficiary |
|---|---|---|---|---|
| 8/4/2022 | $35,000.00 | Account ending in 7883 | JPMC | Roger White, dba M&M Title, LLC |

There was a subsequent withdrawal during the month of August that left the Chase account (ending in 8602) with a balance of $354.548.87. The Chase account (ending in 7883) received an interest payment of $0.12 resulting an account balance of $35,000.12. On August 17, 2022, there was a debit withdrawal on both Chase accounts (ending in 8602 and 7883) leaving the two accounts with a zero balance. I have spoken to a representative of Chase who advised me that Chase closed the accounts and froze the funds.

## CONCLUSION

Based on the aforementioned information, I believe probable cause exists to support that a BEC scheme was utilized to fraudulently obtain funds from Runald in violation of federal wire fraud and money laundering statutes. Furthermore, there is evidence to support that the illegally obtained funds belonging to Runald were transferred to a Chase account belonging to the perpetrator or an associate of the perpetrator. Additionally, I have confirmed that the account holding the Target Assets are currently frozen and under Chase's control. Based on my interactions with Chase, I believe a seizure warrant will be the most effective method in //

//

//

//

//

]

obtaining a release of the Target Assets.

Dated this 30th day of December, 2022.

_____
Scott Kaul
Special Agent, FBI

Sworn to before me under electronic means under Rule 4.1 and signed electronically on this 30th day of December 2022 at 10:00 a.m.

_____
DUSTIN B. PEAD
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF UTAH